IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                              **Case No. 95-40074-01**
                                          **08-4109-RDR**

DARRIN L. ROBINSON,

        Defendant.

_____

**O R D E R**

This case is now before the court upon defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. On August 28, 2007, this court sentenced defendant to a term of 60 months for violating the terms of his supervised release. In addition to violating various standard conditions of his supervised release, the court found that defendant violated a mandatory condition of his supervised release when he committed a robbery of a gas station. Defendant denied that he committed the robbery.

<u>Arguments and decision on direct appeal</u>

Defendant appealed the judgment of this court to the Tenth Circuit Court of Appeals. Defendant made the following arguments to the Tenth Circuit: 1) that the five-year sentence was impermissible because defendant's term of supervised release was three years; 2) that there was insufficient evidence to find that defendant robbed the gas station; and 3) that this court erred by admitting hearsay identification evidence at the revocation

hearing.  The Tenth Circuit held that this court drew its statutory authority to sentence defendant to five years from 18 U.S.C. § 3583(e)(3) and that there was no constitutional barrier to issuing that sentence.  The Tenth Circuit further held that there was sufficient evidence to find that defendant robbed the gas station and that, absent an objection from defendant at the time of the revocation hearing, there was no plain error in allowing the hearsay identification testimony.

<u>Ineffective assistance of counsel standards</u>

Defendant asserts ineffective assistance of counsel in his § 2255 motion.  In order to establish an ineffective assistance of counsel claim, defendant must show both that his counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness, and that "the deficient performance prejudiced the defense."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  "Deficient performance" is proven by demonstrating that counsel's performance "fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 688. Counsel's performance "'must have been completely unreasonable, not merely wrong.'"  <u>Barkell v. Crouse</u>, 468 F.3d 684, 689 (10th Cir. 2006) (quoting <u>Boyd v. Ward</u>, 179 F.3d 904, 914 (10th Cir. 1999)). "Prejudice" is proven by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. This standard requires less than a preponderance of the evidence; petitioner does not have to prove more probably than not that the outcome would have been different. Smith v. Mullin, 379 F.3d 919, 942 (10th Cir. 2004). Conclusory assertions are insufficient to establish ineffective assistance of counsel. U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Evidence at the revocation hearing

The evidence at the revocation hearing was submitted through the testimony of James Bauer, who is a police detective with the Kansas City, Kansas Police Department. Bauer testified that there was a robbery at a Kansas City, Kansas gas station and that two clerks, Evelyn Naylor and Brenda Tolliver, were interviewed about their knowledge regarding the robbery. A surveillance video showed that the robber entered the store around 6:30 a.m. when both clerks were in the store. He complained to the clerks about the cappuccino machine and eventually left. The robber returned about an hour later wearing the same clothing. By that time, Ms. Tolliver had finished her shift and was not in the store. Only Ms. Naylor was working at the store. Again, the robber complained about the cappuccino machine. When Ms. Naylor attended to the machine, the robber indicated that he had a weapon and demanded money.

A surveillance video was introduced as an exhibit during the hearing. Bauer testified that Ms. Tolliver was able to identify defendant as the robber when she was presented with the photographic lineup. Bauer further testified that on the basis of his observations of defendant, defendant was the robber pictured in the video. Bauer came in contact with defendant, as a matter of coincidence, at the Wyandotte County Courthouse approximately one week after the robbery. Bauer had viewed the surveillance video not long before he encountered defendant. He immediately recognized defendant as the robber in the video.

Ms. Naylor could not identify defendant as the robber from a photo lineup. She told Bauer that she could not identify the robber from a photograph.

Bauer testified that defendant approached him in the Wyandotte County Courthouse about gaining access to defendant's car, which had been towed regarding an unrelated matter. Bauer noted that defendant's vehicle was the same make and model of vehicle as the one shown on the video as being driven by the robber.

<u>Defendant's arguments upon the § 2255 motion</u>

Defendant's first argument is that his counsel was ineffective because she failed to raise the point that Ms. Naylor did not identify defendant as the perpetrator when she was presented with a photograph lineup. This argument is clearly rebutted by the transcript of the hearing. The only witness at the hearing was the

police detective in charge of the investigation. Defendant's counsel asked the detective if the clerk who was robbed was able to identify the robber and the detective answered that, "She said she couldn't identify anybody from photographs. That was her statement." Transcript, Doc. 126 at p. 25. Defendant's counsel commented in her argument that the government "did not bring in the clerk to make an identification or not make an identification of my client." Transcript, Doc. 126 at p. 34. Government's counsel admitted during his argument that: "the clerk [who was robbed] can't identify him from a videotape or a security tape. We don't know whether she will be able to [identity the defendant as the robber] in person, when she's confronted with the defendant in person." Transcript, Doc. 126 at p. 32.

The point raised in defendant's first claim of ineffective assistance of counsel was made by defendant's counsel and acknowledged by government counsel. There are no grounds to find that defendant's counsel was deficient or that defendant suffered prejudice from the alleged deficiency.

Defendant's second argument in his § 2255 motion is that his attorney failed to bring the Tenth Circuit's attention to the case of U.S. v. Cannon, (7th Cir., unpublished, 11/2/2007). The court has reviewed the Cannon opinion which defendant has attached to his motion papers. We find nothing in that opinion to support defendant's arguments in this case. The Tenth Circuit has ruled on

5

appeal that the sentence imposed was consistent with this court's statutory authority. We do not believe the <u>Cannon</u> case would have persuaded the Tenth Circuit to rule differently. Therefore, we reject defendant's second claim of ineffective assistance of counsel.

Defendant's third claim of ineffective assistance of counsel reads as follows:

> My attorney['s] failure to object at crucial times during my revocation hearing is the only reason the defendant was not able to questi[on] his accuser [the store clerk] or any adverse witness and when I ask[ed] my attorn[e]y during the revocation hearing to please object to the store clerk not being here she look[ed] at me and said object to (what) and this action by my attorney denied me of my Due Process right to confront my accuser and this action by my attorney clearly affected the outcome, the appeal judges said it them[selves].

In other words, defendant argues that he received ineffective assistance of counsel because his counsel failed to object when hearsay statements of Ms. Tolliver were entered into evidence and he was not able to confront Ms. Tolliver on the witness stand. Defendant further contends that this "clearly affected the outcome [of his case], the appeal judges said it them[selves]."

The court believes it is clear that defendant's counsel was not deficient by failing to object to the hearsay evidence which was presented during the revocation hearing. As the Tenth Circuit noted on direct appeal, hearsay evidence is not categorically prohibited from revocation hearings.

"[T]he revocation of parole is not part of a

6

> criminal prosecution and thus the full panoply of rights
> due a defendant in such a proceeding does not apply to
> parole revocations." Morrissey v. Brewer, 408 U.S. 471,
> 480 (1972). However, one of the "minimum requirements of
> due process" that does apply is "the right to confront
> and cross-examine adverse witnesses (unless the hearing
> officer specifically finds good cause for not allowing
> confrontation)," id., although "the process should be
> flexible enough to consider evidence including letters,
> affidavits, and other material that would not be
> admissible in an adversary criminal trial," id., at 489.
> This right is recognized by Fed.R.Crim.P. 32.1(b)(2)(C),
> which states that, at a revocation hearing, the defendant
> must have "an opportunity to . . . question any adverse
> witness unless the court determines that the interest of
> justice does not require the witness to appear."

274 Fed.Appx. 638, 640-41, 2008 WL 1751677 (10th Cir. 2008); see also, U.S. v. Rondeau, 430 F.3d 44, 48 (1st Cir. 2005).

A significant factor a court should consider before permitting hearsay evidence to be admitted in a revocation hearing is the reliability of the hearsay testimony. Rondeau, 430 F.3d at 48. In this matter, as discussed on direct appeal by the Tenth Circuit, the hearsay statements of Ms. Tolliver were supported by: the evidence of the photographic lineup, which she signed; the identification made by Detective Bauer; the surveillance video; and the similarity between defendant's car and the vehicle used by the robber on the video. In light of this reliability, defendant's counsel was not deficient in failing to object to the introduction of the hearsay evidence. Nor was defendant caused prejudice by the introduction of the hearsay evidence. Indeed, contrary to defendant's assertion, the Tenth Circuit stated on direct appeal that the hearsay was reliable and did not find that the failure to

7

object affected the outcome of the revocation hearing.

Defendant's fourth argument is that the judgment issued in accordance with the court's ruling that defendant had committed an "A" violation showed that the violation was actually for a lesser violation, that is, for misdemeanor possession of THC and misdemeanor obstruction of an officer in Wisconsin.

The amended petition charging the violations of supervised release, Doc. No. 114, listed three violations of the mandatory condition that defendant not commit another federal, state or local crime:

> On March 24, 2007, the defendant is alleged to have robbed the Circle K gas station at 4701 State Ave., Kansas City, Kansas. The Wyandotte County District Attorney's office has charged Mr. Robinson with aggravated robbery, case # 07CR0528.
>
> On March 31, 2007, the defendant was arrested by Kansas City, Kansas Police Department for charges of battery; disorderly conduct; trespass; impersonation of an officer; and possession of marijuana, Wyandotte County Municipal Court case # 04034413.
>
> On June 29, 2007, the defendant was arrested by police officers in Beloit, Wisconsin for obstructing an officer and possession of THC. On July 3, 2007, Mr. Robinson pled guilty and was sentenced on these charges.

The only evidence and argument presented to the court related to whether defendant committed an "A" violation by robbing the gas station. Defendant was willing to stipulate to the lesser violations, at least as they related to the arrest in Wisconsin, and the violations of the standard conditions of supervised release. Transcript, Doc. 126, pp. 4 & 36. The court found that

defendant committed an "A" violation. Transcript, Doc. 126, p. 40.

The judgment entered listed defendant as violating the mandatory condition that "defendant shall not commit another federal, state or local crime" and lists that violation as ending on "07/03/07." Doc. No. 134. Because of the date, defendant argues that the judgment is making reference to the Wisconsin matters and not an "A" violation.

This issue was not raised on direct appeal and, therefore, it should be considered waived unless defendant can demonstrate that the failure to raise the issue constitutes ineffective assistance of counsel. The failure to raise this issue does not constitute ineffective assistance of counsel because, even if the issue has merit, it only relates to a clerical mistake which can be corrected without altering the sentence imposed by the court. Defendant has suffered no prejudice as a result of the alleged mistake or the failure to raise it previously.

Conclusion

In conclusion, the court believes the files and records of this case conclusively show that defendant is not entitled to relief from his sentence on the basis of the arguments he has made in his § 2255 motion. Therefore, the motion shall be denied. However, pursuant to Fed.R.Crim.P. 36, the court shall direct that an amended judgment be filed which lists the date that the violation of the mandatory condition ended as being March 24, 2007.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2008 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge